**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | | |
|---|---|---|
| **KELLY JEAN HOLMES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.:** |
| | ) | |
| **TAURUS INTERNATIONAL** | ) | |
| **MANUFACTURING, INC. and** | ) | |
| **TAURUS HOLDINGS, INC** | ) | |
| | ) | |
| **Defendants.** | ) | |

---

## COMPLAINT

---

The Plaintiff, Kelly Jean Holmes, brings this Complaint against the Defendants, Taurus International Manufacturing, Inc. ("TIMI") and Taurus Holdings, Inc. ("Taurus Holdings"), collectively, the "Taurus Defendants," and for her cause of action states the following:

## PARTIES

1.      The Plaintiff, Kelly Jean Holmes is over the age of 21 and at all times pertinent to this Complaint and is a resident citizen of Brevard County, Florida.

2.      Defendants Taurus International Manufacturing, Inc. ("TIMI"), and Taurus Holdings, Inc. ("Taurus Holdings"), are Georgia corporations now located in Bainbridge, Georgia. Defendant Taurus Holdings is the one hundred percent

1

stockholder of Defendant TIMI and they are both in the business of designing, engineering, manufacturing, testing, inspecting, marketing, importing, distributing, supplying, and/or selling firearms. Defendant Taurus Holdings and Defendant TIMI were responsible for designing, engineering, manufacturing, testing, inspecting, marketing, importing, distributing, supplying, and/or selling the pistol, which is the subject of Plaintiff's Complaint.

3.    The Defendants are so intertwined contractually for each other's liabilities that they are essentially one entity regarding the allegations in this Complaint.  For example, many individuals who work on designing, manufacturing, engineering, testing, inspecting, marketing, importing, distributing, supplying, and/or selling Taurus pistols, including the pistol that is the subject of this suit, are employees of both TIMI and Taurus Holdings.

## JURISDICTION AND VENUE

4.    This Honorable Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) in that Plaintiff and Defendants are citizens of different states and because the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

5.    This Honorable Court has personal jurisdiction over Defendants because Defendants were collectively engaged directly and through their agents in systematic and ongoing business transactions in the State of Georgia and within this

2

District, including but not limited to, the design, testing, manufacture, import, assembly, marketing, supply, warranty, distribution, misrepresentation, and sale of the subject pistol as well as other conduct in Georgia as described herein.

6.    Venue is proper under 28 U.S.C § 1391(b)(2) because the event that caused Kelly Jean Holmes' injuries, prompting this lawsuit for which the Defendants are liable occurred in Georgia.

7.    Venue is proper and convenient in this forum and there is a strong presumption in favor of Plaintiff's choice of forum.

8.    Venue is proper as to Defendants TIMI and Taurus Holdings because they reside in this judicial circuit, because the events or omissions giving rise to Plaintiff's claims occurred in Florida and all the wrongful conduct of Taurus Defendants emanated from Georgia. Moreover, the Taurus Defendants, regularly and systematically conduct business in Georgia.

9.    All of the facts and conduct related to the negligence, breach of express warranty, implied warranty of merchantability, implied warranty of fitness for a particular purpose, strict liability, negligent failure to use reasonable care, failure to warn, intentional misrepresentation, negligent misrepresentation, false information negligently supplied for the guidance of others, and intentional infliction of emotional distress claims had their origins in Georgia, including, Taurus

Defendants' collective decision not to disclose, but rather to misrepresent, the known Safety Defect.

## **INTRODUCTION**

12. Kelly Jean Holmes was seriously injured on July 5, 2024, after her semi-automatic 9mm pistol, a Taurus GX4 model, serial number: 1GC77086, ("Holmes' pistol"), discharged unintentionally due to a safety defect after falling and striking the ground. Holmes' pistol was unreasonably dangerous and unfit for its intended use. It has a safety defect in which the trigger moves rearward when the pistol is subjected to an impact or dropped, which is referred to as a "Drop-Fire Defect" or "Safety Defect." The Drop-Fire Defect results in pistols of the type and model described here, including Holmes' pistol, firing unexpectedly and against the intentions of the pistol's handler.

13. Plaintiff Kelly Jean Holmes purchased the Taurus GX4 pistol new from Academy Sports on or about May 27, 2023. Notably, the firearm was purchased thirteen (13) months prior to unintentional discharge. The Taurus Defendants currently market and sell the subject model pistol in the United States market. (See https://www.taurususa.com/pistols/taurus-gx4).

14. In filing this lawsuit, Kelly Jean Holmes, does not wish or intend to disparage the right to bear arms as guaranteed by the Second Amendment. Rather, she seeks to hold the Taurus Defendants accountable for their actions in designing,

engineering, manufacturing, marketing, importing, distributing, selling, and/or failing to test and inspect the subject pistol, in addition to misrepresenting facts about the safety of her pistol, which is defective and unreasonably dangerous as described in this Complaint. Instead of impinging upon the Second Amendment, this lawsuit is brought by an individual who lawfully exercised her Second Amendment right to bear arms.

15.    Kelly Jean Holmes' pistol is defective and unreasonably dangerous to any subsequent owners because the Safety Defect will not prevent and indeed did not prevent the unintended discharge of pistols such as Holmes' pistol. This Safety Defect resulted in serious injuries to Kelly Jean Holmes, due to the inadequate design, manufacturing, testing, and/or inspecting of the subject pistol, and the continued failure of the Taurus Defendants to remedy the Safety Defect.

16.    Despite actual knowledge of the Safety Defect, the Taurus Defendants never remedied the Safety Defect and never issued an effective and complete warning to the public or recall of Holmes' pistol prior to the time the Taurus Defendants distributed it. In fact, prior to distribution of Holmes' pistol, the Taurus Defendants continued to falsely represent to the public, including Kelly Jean Holmes, that the subject pistol was safe and reliable despite their knowledge of the Safety Defect and that individuals had been seriously injured as a result of the Safety Defect.

17.    The Taurus Defendants had a duty to disclose and warn Kelly Jean Holmes truthfully and accurately of the defect and not to conceal or misrepresent the risks attendant with the Safety Defect. Notwithstanding this duty, and in violation thereof, the Taurus Defendants carelessly and negligently failed to disclose and warn Kelly Jean Holmes of the truth about her pistol and the Safety Defect associated with it.

18.    The Taurus Defendants fraudulently concealed and intentionally failed to warn Kelly Jean Holmes of the Safety Defect with the intent to deceive Kelly Jean Holmes and the general public about the Safety Defect. The Taurus Defendants falsely and fraudulently represented to Kelly Jean Holmes that the subject pistol was safe for normal and intended use when, in fact, Holmes' pistol was not safe for normal and intended use.

19.    The Taurus Defendants conspired among themselves and with others to conceal from the public and Kelly Jean Holmes the Safety Defect.  The Taurus Defendants also conspired among themselves and with others in efforts to understate or misrepresent the nature of the risk created by the Safety Defect.

20.    The Safety Defect is a latent defect, and Holmes' pistol was defective in a way that would not be apparent to the Plaintiff and the public.

## **FACTS**

21.    Taurus Armas, S.A. (formally known as Forjas Taurus, S.A.) has been producing small arms in Brazil since 1941.  In 1968, Taurus Armas, S.A. began to venture in the United States market with limited success.  Accordingly, in 1982, Taurus Armas, S.A. opened an affiliated United States company in Miami-Dade County, Defendant Taurus International Manufacturing, Inc.  However, when TIMI began distributing and selling its pistols here in the United States, it considered its brand of firearms to be an unknown commodity in the United States.  Accordingly, in 1984, the Taurus Defendants began offering an Unlimited Lifetime Repair Policy on all its pistols.  That Unlimited Lifetime Repair Policy applied to the subject pistol as well.

22.    On or about May 27, 2023, Kelly Jean Holmes purchased the subject Taurus GX4 pistol from Academy Sports, in West Melbourne, FL.  Kelly carried the pistol for personal protection. The subject Taurus GX4 pistol was kept in a holster.

23.    On July 5, 2024, Kelly Jean Holmes, while at home, went to use the restroom, the Taurus GX4 pistol slipped from her belt and fell to the floor while in the holster.  When the subject pistol hit the floor, it fired while in the holster, and the bullet struck Kelly's lower right leg.

24.    Kelly Jean Holmes was forty-six (46) years old at the time of the drop-fire.  Because of this incident, she suffered serious, life-threatening injuries that resulted in medical treatment.

25.    Significantly, the Taurus pistol caused permanent injuries to Kelly. She continues to have pain in her right leg which significantly affects her ability to walk. After months of medical treatment and physical therapy, these issues have not resolved, and they are expected to continue.  Given Kelly's age, the permanency of her injuries is a significant non-economic category of damages that she will experience for the rest of her life.

## COUNT ONE
## NEGLIGENCE

26.    Negligence is the failure to use reasonable care, which is the care that a reasonably careful designer, engineer, manufacturer, marketer, seller, importer, distributor, and/or supplier of firearms would use under like circumstances.

27.    Negligence in the instant matter is designing, engineering, manufacturing, marketing, selling, importing, distributing, supplying, testing, and/or inspecting a firearm product in a manner that a reasonably careful designer, engineer, manufacturer, marketer, seller, importer, distributor and/or supplier would not do under like circumstances or failing to do something that a reasonably careful designer, engineer, manufacturer, marketer, seller, importer, distributor and/or supplier would do under like circumstances.

28.    The Taurus Defendants failed to use the reasonable care that a reasonably careful designer, engineer, manufacturer, marketer, seller, importer, distributor, and/or supplier would have used under like circumstances.

29.    The Taurus Defendants negligently breached their duties of care to the Holmes in one or more of the following ways:

a. Failing to use and apply good, safe, usual, prevailing, and reasonable principles and standards in designing, engineering, manufacturing, marketing, selling, importing, distributing, supplying, testing, and/or inspecting Holmes' pistol;

b. Failing to take adequate corrective action or preventive action;

c. Failing to maintain proper records and data of incidents, complaints, malfunctions, inspections and testing;

d. Failing to create and provide clear operational and safety instructions, manuals, warnings, and literature;

e. Failing to warn Kelly Jean Holmes and the public of the Safety Defect;

f. Failing to warn Kelly Jean Holmes and the public that the Taurus Defendants did not inspect or test the pistols before the pistols were distributed;

g. Failing to warn of all the above; and

h. Other acts of negligence to be determined through discovery.

30.    The Taurus Defendants' conduct as described in this Complaint was inconsistent with what a reasonably careful designer, engineer, manufacturer, marketer, seller, importer, distributor, and/or supplier of firearms would have done

under like circumstances, or the Taurus Defendants failed to do what a reasonably careful designer, engineer, manufacturer, marketer, seller, importer, distributor and/or supplier would do under like circumstances.

31.     The Taurus Defendants' negligence was the proximate cause of Kelly Jean Holmes' severe personal injuries, pain, disfigurement, disability and loss of capacity for enjoyment of life, of the medical expenses requires for her case and treatment now and in the future; and any and all other damages allowable by law. The Taurus Defendants are jointly liable for all injuries, damages and losses that resulted from their negligence because they acted together to produce the defective firearm.

WHEREFORE, Plaintiff demands judgment against the Taurus Defendants for any and all damages available under the law including an award of punitive damages pursuant to O.C.G.A. § 51-12-5.1, plus costs, and demands trial by jury of all issues so triable.

**COUNT TWO**
**BREACH OF EXPRESS WARRANTY**

32.     A product is defective if it does not conform to representations of fact made by the Defendants, orally or in writing, in connection with the transaction on which Kelly Jean Holmes, relied in the use of the product.

33.     The Taurus Defendants made specific representations of fact in writing in their Instruction Manual and "Limited Warranty," which are written documents

10

provided with their pistols and/or which are also published on the USA public website of Defendant TIMI. These documents form part of the basis of the bargain between the Taurus Defendants and Kelly Jean Holmes. These documents were specifically provided to Kelly Jean Holmes. Each of the representations of fact contained therein is a separate and independent express warranty made to the Plaintiff.

34. The representations of fact made to Kelly Jean Holmes and set forth in the Taurus Manual include the following: (a) that "[y]our firearm comes equipped with an effective, well-designed safety device;" (b) the "Taurus pistols were manufactured to perform properly with the original parts as designed;" (c) that the Trigger Safety "device is designed to preclude the backward movement of the trigger bar so as to prevent an accidental discharge in case the firearm is dropped" and "[t]he system is disengaged when the trigger is pulled to the rear;" (d) the Firing Pin Block is "designed to prevent the firing pin from going forward and striking the primer [and] is engaged until the trigger is in its final rearward position;" (e) the Firing Pin Block "is designed to preclude an accidental discharge should the firearm be dropped;" (f) "Before shipment, your firearm was carefully inspected and test fired in order to ensure that it conformed to our specifications and standards." Moreover, the representations of fact made to Kelly Jean Holmes in the "Limited Warranty"

were that "[h]andguns manufactured by Taurus are warranted to be free from defects in material and workmanship."

35.    The Taurus Defendants breached these express warranties by not providing a product to Kelly Jean Holmes that conformed to these representations of fact.

36.    As a proximate cause of the Taurus Defendants' breach of express warranties, Kelly Jean Holmes was severely injured.

WHEREFORE, Plaintiff demands judgment against the Taurus Defendants for any and all damages available under the law including an award of punitive damages pursuant to O.C.G.A. § 51-12-5.1, plus costs, and demands trial by jury of all issues so triable.

## COUNT THREE
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

37.    A product is defective if it is not reasonably fit for either the uses intended or the uses reasonably foreseeable by the Taurus Defendants.

38.    Holmes' pistol was not reasonably fit for either the uses intended or the uses reasonably foreseeable by the Taurus Defendants due to the Safety Defect.

39.    The Taurus Defendants were jointly on notice of the breach of implied warranties at the time Holmes' pistol was manufactured, marketed, sold, imported, distributed, and/or supplied by them. The Taurus Defendants collectively knew, or should have known, about the Safety Defect at the time Holmes' pistol was designed,

engineered, manufactured, marketed, sold, imported, distributed, and/or supplied by them.

40.    As a proximate result of the Taurus Defendants' collective breach of implied warranties of merchantability, Kelly Jean Holmes was severely injured.

WHEREFORE, Plaintiff demands judgment against the Taurus Defendants for any and all damages available under the law including an award of punitive damages pursuant to O.C.G.A. § 51-12-5.1, plus costs, and demands trial by jury of all issues so triable.

## COUNT FOUR
## STRICT LIABILITY – MANUFACTURING DEFECT

41.    Any marketer, seller, importer, distributor, and/or supplier in the chain of distribution is liable for injury caused by a defective product. The Taurus Defendants were collectively the manufacturers in the chain of distribution of Holmes' pistol and are, therefore, liable for the injuries caused to Kelly Jean Holmes by the defective pistol.

42.    A product is defective because of a manufacturing defect if it is in a condition unreasonably dangerous to the user and the product is expected to and does reach the user without substantial change affecting that condition.

43.    A product is unreasonably dangerous because of a manufacturing defect if it is different from its intended design and fails to perform as safely as the intended design would have performed.

13

44.    A product is defective if unreasonably dangerous even if the Defendants have exercised all possible care in the preparation and sale of the product.

45.    Holmes' pistol is defective because of the manufacturing defect (i.e., the Drop-Fire Defect) as it was different from its intended design and failed to perform as safely as the intended design would have performed. Holmes' pistol was expected to and did reach Kelly Jean Holmes without substantial change affecting that condition.

46.    The manufacturing defect (i.e., Drop-Fire Defect) was the proximate cause of Kelly Jean Holmes's injuries.

47.    The Taurus Defendants together are strictly liable for all injuries, damages, and losses that resulted from the manufacturing defect of Holmes' pistol.

WHEREFORE, Plaintiff demands judgment against the Taurus Defendants for any and all damages available under the law including an award of punitive damages pursuant to O.C.G.A. § 51-12-5.1, plus costs, and demands trial by jury of all issues so triable.

<u>**COUNT FIVE**</u>
<u>**STRICT LIABILITY – DESIGN DEFECT**</u>

48.    Any marketer, seller, importer, distributor, and/or supplier in the chain of distribution is liable for injury caused by a defective product. The Taurus Defendants were collectively the designers in the chain of distribution of Holmes'

pistol and are, therefore, liable for the injuries caused to Kelly Jean Holmes by the defective pistol.

49.    A product is defective because of a design defect if it is in a condition unreasonably dangerous to the user and the product is expected to and does reach the user without substantial change affecting that condition.

50.    A product is unreasonably dangerous because of its design if the product fails to perform as safely as an ordinary consumer would expect when used as intended or when used in a manner reasonably foreseeable by the defendants, or alternatively, the risk of danger in the design outweighs the benefits.

51.    A product is defective if unreasonably dangerous even if the Defendants have exercised all possible care in the preparation and sale of the product.

52.    Holmes' pistol is defective because of the design defect (i.e., the Drop-Fire Defect) and was in a condition unreasonably dangerous to Kelly Jean Holmes. Holmes' pistol was expected to and did reach her without substantial change affecting that condition.

53.    The design defect (i.e., the Drop-Fire Defect) was the proximate cause of Kelly Jean Holmes' injuries.

54.    The Taurus Defendants together are, therefore, strictly liable for all injuries, damages, and losses that resulted from the design defect of Holmes' pistol.

15

WHEREFORE, Plaintiff demands judgment against the Taurus Defendants for any and all damages available under the law including an award of punitive damages pursuant to O.C.G.A. § 51-12-5.1, plus costs, and demands trial by jury of all issues so triable.

## COUNT SIX
## STRICT LIABILITY - FAILURE TO WARN

55.    A product is defective when the foreseeable risks of harm from the product could have been reduced or avoided by providing reasonable instructions or warnings, and the failure to provide those instructions or warnings makes the product unreasonably dangerous.

56.    A product is defective if unreasonably dangerous even if the Defendants collectively have exercised all possible care in the preparation and sale of the product.

57.    The foreseeable risks of harm from a drop-fire could have been reduced or avoided if the Taurus Defendants, acting together, had provided reasonable instructions or warnings, and the Taurus Defendants' failure to provide these instructions or warnings renders Kelly Jean Holmes' pistol defective.

58.    The Taurus Defendants each had the opportunity to warn Kelly Jean Holmes about the Drop-Fire Defect upon her original purchase.  They failed to do so.

59. The failure to warn was the proximate cause of Kelly Jean Holmes' injuries.

60. The Taurus Defendants together are strictly liable for all injuries, damages, and losses that resulted from their failure to warn Kelly Jean Holmes about the Drop-Fire Defect.

WHEREFORE, Plaintiff demands judgment against the Taurus Defendants for any and all damages available under the law including an award of punitive damages pursuant to O.C.G.A. § 51-12-5.1, plus costs, and demands trial by jury of all issues so triable.

**COUNT SEVEN**
**NEGLIGENT MISREPRESENTATION**

61. The Taurus Defendants collectively, in the Taurus Manual for Holmes' pistol, made representations of fact to Holmes. These include the following:

a. that "[y]our firearm comes equipped with an effective, well-designed safety device;"

b. the "Taurus pistols were manufactured to perform properly with the original parts as designed;"

c. that the Trigger Safety "device is designed to preclude the backward movement of the trigger bar so as to prevent an accidental discharge in case the firearm is dropped" and "[t]he system is disengaged when the trigger is pulled to the rear;"

d. the Firing Pin Block is "designed to prevent the firing pin from going forward and striking the primer [and] is engaged until the trigger is in its final rearward position;"

e. the Firing Pin Block "is designed to preclude an accidental discharge should the firearm be dropped;"

f. "Before shipment, your firearm was carefully inspected and test-fired in order to ensure that it conformed to our specifications and standards."

62. Moreover, in the Limited Warranty, the Taurus Defendants made the further representation of fact that "[h]andguns manufactured by Taurus are warranted to be free from defects in material and workmanship."

63. These statements by the Taurus Defendants concerned material facts that they believed to be true but which were, in fact, false. The Taurus Defendants were collectively negligent in making the statements because they should have known the statements were false, and in making the statements, they intended or expected that another would rely on the statements.

64. Kelly Jean Holmes justifiably relied on the false statements by purchasing, retaining, carrying, and using the subject pistol. Thus, these statements were the proximate caused Kelly Jean Holmes' injuries.

65. The Taurus Defendants' negligent misrepresentations were the proximate cause of Kelly Jean Holmes' injuries.

66. The Taurus Defendants are together liable for all injuries, damages, and losses that resulted from their negligent misrepresentations.

WHEREFORE, Plaintiff demands judgment against the Taurus Defendants for any and all damages available under the law including an award of punitive

damages pursuant to O.C.G.A. § 51-12-5.1, plus costs, and demands trial by jury of all issues so triable.

## COUNT EIGHT
## VICARIOUS LIABILITY (ACTUAL AGENCY)

67.     At all times material to the allegations and claims in this Complaint, Defendant Taurus Holdings acted as principal to Defendant TIMI, as it was the 100% owner of Defendant TIMI and exercised and/or retained the right to exercise extensive and continuous control over Defendant TIMI.

68.     At all times material to the allegations and claims in this Complaint, Defendant TIMI was an agent of Defendant Taurus Holdings, as it acted on behalf of and/or under the control of Defendant Taurus Holdings.

69.     As detailed in the preceding paragraphs, Defendant TIMI breached its duty of care to Kelly Jean Holmes in numerous ways.

70.     As a proximate result of the acts or omissions of Defendant TIMI set out in the paragraphs above, Kelly Jean Holmes was injured.

71.     Because of its extensive and continuous control over Defendant TIMI, Defendant Taurus Holdings is vicariously liable for all injuries, damages, and losses that resulted from the aforementioned acts or omissions of Defendant TIMI.

WHEREFORE, Plaintiff demands judgment against the Taurus Defendants for any and all damages available under the law including an award of punitive

damages pursuant to O.C.G.A. § 51-12-5.1, plus costs, and demands trial by jury of all issues so triable.

## COUNT NINE
## VICARIOUS LIABILITY (APPARENT AGENCY)

72.    At all times material to the allegations and claims in this Complaint, Defendant Taurus Holdings acted as principal to Defendant TIMI, as it was the 100% owner of Defendant TIMI and exercised and/or retained the right to exercise extensive and continuous control over Defendant TIMI.

73.    At all times material to the allegations and claims in this Complaint, Defendant Taurus Holdings has held out Defendant TIMI as its subsidiary and/or as one of its family of firearms brands and as its apparent agent in several ways including, but not limited to, the following, at all times material hereto:

    a. Taurus Holdings lists TIMI among its associated brands of firearms on its website (https://www.taurususa.com/company/about-taurus-holdings-inc);

    b. Taurus Holdings and TIMI shared offices for years;

    c. Bret Vorhees serves as the CEO of both Taurus Holdings and TIMI;

    d. At least some employees or agents who work on designing, manufacturing, engineering, testing, inspecting, marketing, importing, distributing, supplying, and/or selling Taurus pistols, including the pistol that is the subject of this suit, are employees of both TIMI and Taurus Holdings.

    e. Taurus Holdings and TIMI are so intertwined contractually for each other's liabilities that they are essentially one entity.

74.    At all times material, the facts outlined above were made known to the public, including the Plaintiff, intentionally and/or by lack of reasonable care.

75.    As a result of the numerous and pervasive facts outlined above, the Plaintiff had a reasonable belief that Defendant TIMI had the authority to operate on behalf of, and for the benefit of, Taurus Holdings.

76.    As a further result of the numerous and pervasive facts of agency outlined above, the Plaintiff had a reasonable belief that Defendant Taurus Holdings exercised and/or retained the right to exercise extensive and continuous control over Defendant TIMI.

77.    As detailed in the preceding paragraphs, Defendant TIMI breached its duty of care to Kelly Jean Holmes in numerous ways.

78.    As a proximate result of the aforementioned acts or omission of Defendant TIMI, Kelly Jean Holmes was injured.

79.    Because of the numerous and pervasive facts of the agency outlined above, Defendant Taurus Holdings is vicariously liable for all injuries, damages, and losses that resulted from the aforementioned acts or omissions of Defendant TIMI.

WHEREFORE, Plaintiff demands judgment against the Taurus Defendants for any and all damages available under the law including an award of punitive damages pursuant to O.C.G.A. § 51-12-5.1, plus costs, and demands trial by jury of all issues so triable.

## COUNT TEN
## VICARIOUS LIABILITY (JOINT VENTURE)

80.    At all times material to the allegations and claims in this Complaint, Defendant Taurus Holdings acted as principal to Defendant TIMI, as it was the 100% owner of Defendant TIMI and exercised and/or retained the right to exercise extensive and continuous control over Defendant TIMI.

81.    As a result of Defendant Taurus Holdings' ownership of Defendant TIMI, at all times material to the allegations and claims in this Complaint, Defendant Taurus Holdings and Defendant TIMI were engaged in a joint venture in the manufacture and sale of firearms, with a joint control or joint right of control over the manufacture and sale of firearms, a joint proprietary interest over the manufacture and sale of firearms, a joint right to share in the profits from the manufacture and sale of firearms, and a joint duty to share in the losses from the manufacture and sale of firearms.

82.    As detailed in the preceding paragraphs, Defendant TIMI breached its duty of care to Kelly Jean Holmes in numerous ways.

83.    As a proximate result of the aforementioned acts or omissions of Defendant TIMI, Kelly Jean Holmes was injured.

84.    Because of its joint venture with Defendant TIMI, Defendant Taurus Holdings is vicariously liable for all injuries, damages, and losses that resulted from the aforementioned acts or omissions of Defendant TIMI.

22

WHEREFORE, Plaintiff demands judgment against the Taurus Defendants for any and all damages available under the law including an award of punitive damages pursuant to O.C.G.A. § 51-12-5.1, plus costs, and demands trial by jury of all issues so triable.

## COMBINING AND CONCURRING CONDUCT

85.     The collective conduct of the Defendants as described in this Complaint combined and concurred to cause Kelly Jean Holmes' injuries.

WHEREFORE, Plaintiff demands judgment against the Taurus Defendants for any and all damages available under the law including an award of punitive damages pursuant to O.C.G.A. § 51-12-5.1, plus costs, and demands trial by jury of all issues so triable.

## DEMAND FOR JURY TRIAL

PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY ON ALL CLAIMS SO TRIABLE.

*/s/  M. Todd Wheeles*
M. Todd Wheeles (PHV to be filed)
Meredith W. Carpenter (PHV to be filed)
**Wheeles & Garmon, LLP**
5000 Southlake Park, Suite 150
Birmingham, Alabama 35244
Telephone:  (205) 593-4934
Email:  todd@wheelesgarmon.com
        meredith@wheelesgarmon.com

**<u>DEFENDANTS TO BE SERVED VIA CERTIFIED MAIL AS FOLLOWS:</u>**

**TAURUS INTERNATIONAL MANUFACTURING, INC.**
**c/o Thomas Conger, Registered Agent**
**218 E. Water Street**
**Bainbridge, GA 39817**

**TAURUS HOLDINGS, INC.**
**c/o Thomas Conger, Registered Agent**
**218 E. Water Street**
**Bainbridge, GA 39817**

24